On Application por Rehearing.
We find no error in the principles of law laid down in our original opinion.
It is averred, however, with great positiveness:
1. That during the entire existence of the law, the State has never before received or demanded the tax upon succession, bankruptcy and judicial sales.
If this be true, and if the conduct of the State had been such as to mislead the defendant as to his duty in collecting the tax on such sales, it would be a great hardship now to compel him to pay what ho had never collected, and the State might be estopped from, making such a demand.
2. That in making his return of judicial sales, the defendant, not supposing them to be liable to duty, had not distinguished between those sales of that class which were actual and completed and those which were not, and that he should, in any event, be allowed to show the truth in this respect..
3. That part of the reported sales were of bank stocks, on which the duty, under R. S. 161, is one-quarter and not one-half per cent., and that he should be allowed to show the amount of such sales.
4. That there are some judicial sales in which the employment of auctioneers is compulsory on the parties in interest. If this be true, such sales would not, as to such parties, fall within the principles on which our decision rests.
On the whole, we are satisfied that the interests of justice, which is all the State can be supposed to desire, require the remanding of the. case, in order that all matters involved may be subjected to a closer investigation. No party could be benefitted by the delay which would result from the'granting of a rehearing, and we may safely assume that speedy justice will be advanced by making our decree on this, application.
It is, therefore, ordered, that our former decree herein be annulled, and set aside. It. is now ordered, adjudged and decreed, that the judgment appealed from be avoided and reversed, and that this case be remanded to the lower court, to be there proceeded with according to law and to the views expressed in this, and in our former opinion herein, costs of this appeal to abide the result of the suit.
Levy, J., absent.